CASE 92—ACTION INVOLVING PRIORITY OF CLAIMS—INDIVIDUAL AND PARTNERSHIP—MAY 8.

# Walter and Others v. Herman and Others.

APPEAL FROM CAMPBELL CIRCUIT COURT.

JUDGMENT AS TO PRIORITY OF CLAIMS, AND ANTON WALTER, JR., & PEASE CO. APPEAL. REVERSED.

PARTNERSHIP—RIGHTS OF INDIVIDUAL CREDITORS—EQUITIES OF PARTNERS.

Held:  1. Creditors of a partner can not, by levying attachments upon the partnership property, acquire priority over partnership creditors, or over their debtor's co-partners.
2. A partner to whom the firm is indebted is entitled in the distribution of partnership assets to priority over the individual creditors of his co-partner.

C. J. & W. W. HELM, ATTORNEYS FOR APPELLANT A. WALTER, JR.

> No question was made that it was the property of W. J. Wilmer & Co. that was insured.
> The insurance companies paid the money into court, "in full of all claims against them by any and all parties herein for loss by fire to the said firm of W. J. Wilmer & Company."

The jury found that on the day of the fire the firm of W. J. Wilmer & Co. was composed of W. J. Wilmer and Anton Walter, Jr., as equal partners.

The court rendered judgment on this verdict which has never been excepted to, a new trial of the question was never asked, and it stands uncontested in this case.

It must follow then, from this, that whatever became due from the insurance companies was due to W. J. Wilmer and Anton Walter, Jr., partners under the firm name of W. J. Wilmer & Co. It was assets of the company, the only assets save ten or twelve dollars of accounts due said firm. This was not denied in any pleading and is sustained by the return of the attachments against the firm, "no property found."

These assets are primarily for the debts of said firm—secondarily to the reimbursement of either partner for advancement of money or property, made to the firm, and finally to a division between the partners.

Whatever either partner thus gets is subject to the claim of his individual creditors, and this is all that appellant, Anton Walter asks.

The trial court announces this most remarkable proposition, that after appellant Walter has established that he was an equal member of the firm that sustained the loss by fire, he must prove his continuance as a partner to the date the fund was attached by the appellee, Herman.

We think this was a palpable error.

L. J. CRAWFORD, FOR APPELLANT PEASE CO.

CHARLES W. SCOTT OF COUNSEL.

It is clear in the light of the final judgment sustaining both attachments, that the court in its first judgment was merely stating which persons composed the firm and owned the assets on the day of the fire, without then having in mind or referring at all to the question of attachment. The court could not have intended any such thing as holding that the Pease Co. had no lien on the attached fund, as there was no pleading upon which to base such an idea, and no prayer or motion for any such ruling or for any contrary ruling.

All parties, including appellee, agreed that the claim of the Pease Co., is correct and due from the firm of W. J. Wilmer & Co.

Counsel for appellee, claim, that a fund in court can not be assigned, and that the policy provides that there shall be no assignment without the consent of the insurance company.

The insurance company is not questioning the assignment and the clause was not put there for the benefit of appellee.

The order requiring the Pease Co. to elect whether it would proceed under the original or amended petition is a strange order, in the face of the fact, that the amended petition had been stricken from the file; but it is erroneous from the further reason that the Pease Co. never set up more than one cause of action. This case stood submitted on the motion of the Pease Co. to set aside the order striking out part of the amended petition, and on motion of the appellee to dismiss the action of the Pease Co., for failure to elect, whereupon the Pease Co. moved to set aside the submission on the motion of appellee to dismiss, and offered a second amended petition by which it made its pleading in the alternative, and filed a reply controverting the answer to its first amended petition, but the court against the objection of the Pease Co., submitted on the whole case, and on a demurrer appellee then entered to the last amended petition of the Pease Co.

We insist that the submission on the whole case was premature and prejudicial to the Pease Co.

The brief of counsel for appellant, Walter, so effectually demonstrates that the judgment below is erroneous that I shall not take the court's time for further argument.

E. W. HAWKINS, ATTORNEY FOR APPELLEE.

The chief question before us is, Who of the three claimants, Martin Herman, the Pease Co., or A. Walter, Jr., is entitled to be paid out of the $1,440 attached in this action, which sum is deposited in court, by the garnishee insurance companies, as a fund derived from a loss by fire under policies issued to W. J. Wilmer individually, but claimed by appellants as issued to W. J. Wilmer & Co.

Appellee's attachment was obtained and served December 5, 1898, and on January 19, 1899, W. J. Wilmer, came into court and confessed judgment in favor of Herman for $824.76, with interest from July 3, 1897. No one objecting.

On December 7, 1898, the Pease Co. obtained its attachment against W. J. Wilmer & Co. In both suits the insurance fund was garnished the attachment of appellee having been obtained and served two days before that of the Pease Co.

On March 4, 1899, the Pease Co., realizing that Herman's attachment was prior to theirs, and must win, filed an amended petition alleging that during the entire year, 1898, W. J. Wilmer and A. Walter, Jr., were partners, doing business under the name of W. J. Wilmer & Co., and in the second paragraph,

asserts that on January 5, 1899, both Walter and Wilmer assigned to Pease Co. by a writing $956.56 of the fund in court.

On January 7, 1899, Walter filed his answer and cross petition in which he claims an interest in the attached funds, $1,440, by reason of his being as he claims "a partner of W. J. Wilmer," and avers that he has been his partner since the issual of the two policies, September 29, 1898, and October 17, 1898. This is denied by Herman in his reply. Walter introduced no evidence and the question was referred to the court. Walter also alleges that said firm is indebted to the Pease Co. in the sum of $956.54, and is indebted to him, Walter, in the sum of $356.60, and asks that the Pease Co. be first paid and then his debt paid, and the balance divided between him and Wilmer. The jury found that Walter was a partner of said firm and fixed the date of the beginning of the partnership, November 23, 1898, the same date of the fire.

The evidence shows that Walter's debt against the firm was created in September, 1898, two months prior to the partnership. This being so, Walter can not be a creditor of the firm, but simply an individual creditor of Wilmer, and will have to yield to the prior attachments.

We claim (1), That the burden of proof under the pleadings is on Walter, and (2), that Wilmer had no right or power to transfer or assign any portion of this fund without the consent of the insurance companies endorsed in writing on the policies. On the whole record we claim that the judgment should be affirmed with damages.

### AUTHORITIES CITED.

Partner can not recover from firm without settlement. Lindley, 112, T. M. Mon., 610. No final judgment except the one appealed from. 8 R., 35; 4 Metc., 31-56; 14 B. M., 195; 17 B. M., 146; 18 B. M., 826.

Attachment pleadings are summary, plain and simple; affidavit and denial form the pleadings. 4 Metc., 288; 6 R., 441; 14 B. M., 195; 5 R., 689; 6 R., 445; Civil Code, sec. 261; 28 Ill., 428; 11 W. R., 542; 35 N. W. R., 85; Ky. Stats. Ch., 94; 3 Kent.

Answer of debtor and garnishee cures all defects, and all irregularities are waived. 5 R., 689; 6 R., 445; 4 Metc., 288, 290; Code, 261, 18 R.; 128 U. S., 132; 13 R., 708.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

On December 5, 1898, the appellee, Martin Herman, obtained an attachment against William J. Wilmer and Berry

Wilmer, late partners doing business as Wilmer Bros.  On this attachment two insurance companies were served as garnishees.   On December 7, 1898, the appellant, the Pease Company, obtained an attachment against William J. Wilmer, doing business as W. J. Wilmer & Co., under which the same two insurance companies were served as garnishees.   By agreement, the insurance companies paid into court $1,440 in full of their indebtedness to W. J. Wilmer & Co. for loss by fire of a stock of goods.   In the action by Herman, the appellant, Walter, filed a petition to be made a party, alleging that the firm of W. J. Wilmer & Co. was composed of W. J. Wilmer and appellant, Anton Walter, Jr., and that as such partners they suffered the loss by fire, and that firm was entitled to the benefit of the proceeds paid into court.   He also pleaded that the firm of W. J. Wilmer & Co., as thus composed, was indebted to the Pease Company the claim sued on by it, as well as a claim to himself individually, and had no assets, outside the insurance proceeds, save $10 or $12 in accounts.   Appellant then asked that the proceeds of the insurance be paid on the partnership debts, first to the Pease Company debt, and next to himself as an individual creditor.   An issue was presented as to whether Walter was a member of the firm of W. J. Wilmer & Co., and upon trial before a jury it was determined he was, and so adjudged by the court.   Subsequently. the court rendered judgment that Walter's claim of $356.60 was valid against the firm of W. J. Wilmer & Co.   Upon reasons and motion to set aside the two above judgments, the court declined to do so, and held that the property ($1,440) was voluntarily in court, as neither the attachment of Herman nor the Pease Company reached it, as one was against W. J. and Ben Wilmer, partners, as Wilmer Bros., and the

other against W. J. Wilmer as W. J. Wilmer & Co. How-
ever, the court declined to direct its receiver to pay the
fund to Walter on his debt adjudged to him, or to the
Pease Company on his written order. After further plead-
ing as to the priority of the claims of Herman over the
Pease Company, the case was submitted, and the court ad-
judged that that of Herman was superior, and directed
the payment to him of his claim in full, and directed the
remainder to be paid to the Pease Company. The latter
judgment, from which this appeal is prosecuted, was ren-
dered in January, 1900, the former judgment having been
rendered prior to May, 1899.

It is clear from the record that the Pease Company was
a creditor of the firm of W. J. Wilmer & Co., composed
of Wilmer and Walter; and as such firm creditors, outside
of any question of priority of attachment, that company
is entitled to be first paid out of the insurance money paid
into court that was the sole asset of that firm, because
appellee Herman was not a firm creditor, but was a creditor
of an entirely different firm of Wilmer Bros., composed
of W. J. and Ben Wilmer. We are also of opinion that
the judgment on the verdict of the jury as to whether
appellant Walter was a member of the firm is conclusive
of that question, as is also the judgment in Walter's favor
for his debt of $356.60 as against the firm. From neither
of these judgments have appeals been prosecuted, and
they therefore stand unquestioned. The question, then,
presented is as to the rights of Walter, to whom the firm
of which he was a member owed a debt, and Herman, an
individual creditor of Wilmer. The rule of priorities is
thus stated by Mr. Parsons (section 402 of his work on
Partnership): "While solvent partners can not prove
against the joint fund to the prejudice of joint creditors,

because they are liable to those creditors, they may prove against the joint fund, in competition with the several creditors, to whom they are liable. Indeed, their rights are prior to those of the several creditors, for those creditors can have the right of their debtor to the joint fund only after all claims upon it are satisfied, and among these the claims of the other partners. . . . It follows, therefore, that the several creditors of each one will be postponed, so far as the joint assets go, not only to the joint creditors, but to the claims of the co-adventurers for balances due from their companies arising out of the adventure." This well-settled principle of partnership is decisive of the right of Walter to the sum of $356.60, adjudged to him prior to any claim of appellee Herman, which the trial court refused. We are of opinion that the judgment appealed from is erroneous, and it will be reversed, and cause remanded for judgment directing the payment out of the fund in court,—the debt due the Pease Company first; then the debt of Walter; and, if any remain, the share of Wilmer, upon settlement of the partnership, to appellee, Herman; and for proceedings consistent herewith.

Petition for rehearing and for modification of the judgment by appellee overruled.